UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-60115-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYFIELD BELL, SR.,

    Defendant.
_____/

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Rayfield Bell Sr.'s ("Bell") Motion for Compassionate Release, ECF No. [158] ("Motion"). The Government filed a Response, ECF No. [159], to which Defendant filed a Reply, ECF No. [160]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied as moot.

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." U.S. Const. art. III, § 2. "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). Therefore, "[w]hen events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." *Fla. Ass'n of*

Case No. 18-cr-60115-BLOOM

*Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

In his Motion, Bell seeks compassionate release from his imprisonment. ECF No. [158] at 1. At the time he filed his motion, he was detained at the Lompoc Federal Correctional Institution in Lompoc, California. *Id.* at 7. In their briefings, the Government and Bell agreed that his final statutory release date was advanced to July 15, 2022. ECF Nos. [159] at 7; [160] at 2.

Through the Federal Bureau of Prison's "inmate locator," available at https://www.bop.gov/inmateloc/ (last accessed August 17, 2022), the Court has confirmed that Bell was indeed released on July 15, 2022. *See Gonzalez v. Screws*, No. 12-cv-22006, 2013 WL 943102, at *1 n.5 (S.D. Fla. Feb. 4, 2013) (taking judicial notice of information on the Florida Department of Corrections website regarding a prisoner's place of confinement and release date); *see also* Fed. R. Evid. 201(b) (permitting a court to take judicial notice of "a fact that is not subject to reasonable dispute").

In light of Bell's release from confinement, "the [C]ourt can no longer give [him] meaningful relief," so "the case is moot and must be dismissed." *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217. Accordingly, it is **ADJUDGED AND ORDERED** that Bell's Motion, ECF No. [158], is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 17, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record